# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. GALLAGHER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:10-cv-00942-AWI-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT THE MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) BE GRANTED**<br><br>(Doc. 32, 35)<br><br>**OBJECTIONS DUE: 14 DAYS** |

## I.   INTRODUCTION

On July 23, 2012, counsel for Plaintiff, Sengthiene Bosavanh, Esq., filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 32.) The Commissioner filed a response on August 6, 2012, noting a discrepancy in the requested amount. *See generally Grisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). Based on the discrepancy noted by the Commissioner, the Court issued a request for a supplemental statement clarifying the request for fees. (Doc. 34.)

On August 29, 2012, Plaintiff's counsel filed an amended motion for attorney's fees pursuant to Section 406(b). (Doc. 35.) Plaintiff was served with the amended motion, and was provided an opportunity to respond or object, but did not do so. The Commissioner was also provided an opportunity to respond to the amended motion, and on September 12, 2012, filed a notice of non-

opposition. (Doc. 39.) For the reasons set forth below, the Court RECOMMENDS that Ms. Bosavanh's amended motion for an award of attorney's fees pursuant to Section 406(b) be GRANTED.

## II. BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability benefits under the Social Security Act. (Doc. 1.) On September 7, 2011, the Court ordered that the Administrative Law Judge's ("ALJ") decision be reversed and the case be remanded. (Doc. 24.) The parties filed a stipulation for an award of Equal Access to Justice Act ("EAJA") fees in the amount of $7,000, which was approved by the Court. (Doc. 31.)

Ms. Bosavanh now seeks an award of attorney's fees in the amount of $9,337.37 pursuant to Section 406(b). Ms. Bosavanh filed a declaration in support of the motion for attorney's fees stating that, on remand, a decision was issued on May 8, 2012, finding Plaintiff disabled since July 12, 2007. (Doc. 35, ¶¶ 3-4; Doc. 35-2, p. 4-11.) On May 31, 2012, the Commissioner issued a notice that retroactive disability benefits were awarded to Plaintiff totaling $37,349.59. (Doc. 35, ¶ 4; Doc. 35-3, p. 1-30.) It is Ms. Bosavanh's Section 406(b) motion for attorney's fees that is currently pending before the Court.

## III. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants.[1] Section 406(b) provides the following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

---

[1] Ms. Bosavanh is not entitled to an award of attorney's fees for any time spent on this case at the administrative level. *Compare* 42 U.S.C. § 406(b) *with* 42 U.S.C. § 406(a).

2

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Grisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award, despite that the Section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs*., 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Grisbrecht*, 535 U.S. at 807. The goal of fee awards under Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Grisbrecht*, 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement; courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford,* 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the

1  attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent
2  cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

3      Here, the fee agreement between Plaintiff and her counsel provides for a fee consisting of
4  "25% of the past-due benefits resulting from [Plaintiff's] claim or claims." (Doc. 35-1.)  The Court
5  has considered the character of counsel's representation of Plaintiff and the results achieved by
6  counsel.  Plaintiff's counsel presents billing records indicating that she expended 54.5 hours on the
7  appeal before this Court.  (Doc. 35-4, p. 1-3.)  There is no indication that a reduction of the award
8  is warranted due to any substandard performance by Ms. Bosavanh; counsel is an experienced
9  attorney who secured a successful result for Plaintiff.  There is also no evidence that Ms. Bosavanh
10 engaged in any dilatory conduct resulting in excessive delay.  Attorney's fees in the amount of
11 $9,337.37 represent 25% of the past-due benefits paid to Plaintiff and are not excessive in relation
12 to the past-due award.  *See generally Taylor v. Astrue*, No. 1:06-cv-00957-SMS, 2011 WL 836740,
13 at *2 (E.D. Cal. Mar. 4, 2011) (granting petition for an award of attorney's fees pursuant to Section
14 406(b) in the amount of $20,960.00)); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL
15 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of attorney's fees pursuant to
16 Section 406(b) in the amount of $34,500.00)); *Logan-Laracuente v. Astrue*, No. 1:07-cv-00983-
17 SMS, 2010 WL 4689519, at *2 (E.D. Cal. Nov. 10, 2010) (granting petition for attorney's fees
18 pursuant to Section 406(b) in the amount of $23,558.62)).

19     In making this determination, the Court recognizes the contingent-fee nature of this case and
20 counsel's assumption of risk in agreeing to represent Plaintiff under such terms.  *See Hearn v.*
21 *Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend
22 with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful
23 cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting
24 *Grisbrecht*, 535 U.S. at 807)). Further, counsel has submitted a detailed billing statement in support
25 of the requested fee, which has been reviewed by the Court. (*See* Doc. 35-4.)

26     An award of Section 406(b) fees, however, must be offset by any prior award of attorney's
27 fees granted under the EAJA. 28 U.S.C. § 2412; *Grisbrecht*, 535 U.S. at 796.  Plaintiff's counsel has
28

already been awarded $7,000 in fees pursuant to the EAJA, and thus the Section 406(b) fees awarded by this order must be offset by $7,000 and that amount must be refunded to Plaintiff.

### IV. CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court concludes that the fees sought by Mr. Bosavanh pursuant to Section 406(b) are reasonable.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's counsel's motion for an award of attorney's fees pursuant to Section 406(b) in the amount of $9,337.37 be GRANTED; and

2. Plaintiff's counsel shall refund to Plaintiff $7,000 of the Section 406(b) fees awarded as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **October 2, 2012**          /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE